IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Freddy Guevara-Zelaya,　　　　　　　)
　　Petitioner,　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　 )
v.　　　　　　　　　　　　　　　　 )　　　　　1:13cv1588 (LO/IDD)
　　　　　　　　　　　　　　　　　 )
Eric D. Wilson,　　　　　　　　　　 )
　　Respondent.　　　　　　　　　　 )

F I L E D

JAN – 9 2014

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

MEMORANDUM OPINION AND ORDER

Freddy Guevara-Zelaya, a federal inmate housed in the Eastern District of Virginia and proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking resentencing with a one-level downward departure pursuant to the Fast Track Program for his conviction of illegal re-entry in District Court for the District of New Jersey. Petitioner has neither paid the statutory filing fee for this action nor applied to proceed in forma pauperis. For the reasons that follow, this petition must be dismissed without prejudice.

I.

The facts underlying petitioner's present situation are as follow:

> Guevara is a citizen of Honduras and first came to the United States in 1994. From 1996 to 2009 Guevara was arrested in the United States twenty times for receiving stolen property, hindering apprehension, resisting arrest, trespassing, obstruction of justice, bail jumping, domestic violence, child molestation, assault and drug related offenses. As a result of these charges he acquired a criminal history category of VI.
>
> On March 12, 2004, Guevara was convicted in the New Jersey Superior Court for possession of Cocaine with the intent to dispense or distribute within 1,000 feet of a school and sentenced him to four years imprisonment. The offense was an aggravated felony. In 2006 he was deported to Honduras.
>
> At some point after being deported in 2006, Guevara reentered the

> United States. In October 2009, Guevara was arrested for a traffic violation in Jersey City, New Jersey. He was later charged on a federal indictment by the United States Government for the crime of illegal re-entry because he had not obtained the consent of [the] U.S. Attorney to reenter the United States, in violation of 18 U.S.C. 1326(a) and (b)(2).
>
> In November 2009, Assistant Federal Public Defender Kevin Carlucci was appointed to represent Guevara on the charge of illegal re-entry.

Guevara v. United States, R. No. 12-3213 (JAP) (D.N.J. July 24, 2013), slip op. at 1-2.

Petitioner accepted a fact-stipulated plea agreement to the charge and was sentenced in May, 2011 to serve 77 months in prison. Id. at 3. Mr. Carlucci filed an appeal on petitioner's behalf, arguing that the court did not properly weigh either petitioner's admittance of guilt or the reasons why he had returned to the United States, and that petitioner's sentence was disproportionately harsh for the crime committed. Id. On January 13, 2012, the Third Circuit Court of Appeals affirmed the sentence. United States v. Guevara-Zelaya, R. No. 11-2462 (3d Cir. Jan. 13, 2012).

On May 30, 2012, Guevara filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the District Court for the District of New Jersey, claiming that he received ineffective assistance of counsel and his plea was involuntary because Mr. Carlucci had told him that his acceptance of the plea would result in a sentence of time served and deportation. In an unpublished opinion dated July 24, 2013, the motion was dismissed by United States District Judge Joel A. Pisano for lack of evidence of ineffective assistance of counsel and petitioner's knowing entry into the plea agreement. Guevara v. United States, supra. The Court declined to issue a certificate of appealability. Id.

Guevara filed the instant petition for a writ of habeas corpus pursuant to § 2241 on

December 2, 2013,[1] seeking a one-level downward departure in his sentence based on the Fast

Track Program.

## II.

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on

the imposition of a federal conviction and sentence. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir.

2010) ("[I]t is well established that defendants convicted in federal court are obliged to seek

habeas relief from their conviction and sentences through § 2255."). The Antiterrorism and

Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear

second or successive applications for § 2255 federal habeas corpus relief by establishing a

"gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996). Now, "[b]efore a second

or successive application permitted by this section is filed in the district court, the applicant shall

move in the appropriate court of appeals for an order authorizing the district court to consider the

application." 28 U.S.C. § 2244(b)(3)(A).

A federal inmate may not proceed under 28 U.S.C. § 2241 unless he demonstrates that the

remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention." 28

U.S.C. § 2255 (e).[2] For example, "attacks on the execution of a sentence are properly raised in a

§ 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5. Nonetheless, the Fourth Circuit has

emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely

---

[1] A pleading submitted by a prisoner acting pro se is deemed filed when it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266 (1988); Pet. at 10.

[2] "This 'inadequate and ineffective' exception is known as 'the savings clause' to [the' limitations imposed by § 2255." Wilson v. Wilson, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671 at *3 (E.D. Va. Apr. 12, 2012) (quoting In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)).

because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." Id. (internal citations omitted). Thus, a federal inmate may proceed under § 2241 to challenge his conviction or sentence "in only very limited circumstances." United States v. Poole, 531 F.3d 263, 269 (4th Cir. 2008).

The Fourth Circuit has announced a three-part test to determine whether a petition challenging the lawfulness of a conviction or sentence can be brought under § 2241:

> Section 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). This test was formulated expressly to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, he has no source of redress." Id. at 333 n. 3.

### III.

In this case, petitioner cannot satisfy the Jones criteria, because he does not rely on a change in the substantive law. The Fast Track Program allows federal prosecutors to offer shorter sentences to defendants who plead guilty at an early stage in the prosecution and agree to waive appeal and other rights. See United States v. Gonzalez, 482 Fed. App'x 846 (4th Cir. 2012) at n. 1. It was implemented in October, 2003 at U.S. Sentencing Guidelines Manual § 5K3.1. Thus, it was settled law both at the time petitioner entered his guilty plea in 2011 and when he filed his § 2255 motion in 2012. Indeed, petitioner admits that his "attorney informed

[him] about the possibility of a downward departure based on the Fast-Track Program...." Pet. at 6. The alleged fact that counsel failed to explain to petitioner that an issue regarding fast track entitlement could be raised in a § 2255 motion, id., does not alter the conclusion that petitioner satisfies none of the Jones criteria for consideration of his claim in an action pursuant to § 2241.[3]

Accordingly, because petitioner's claim falls outside the § 2255 savings clause, he may not proceed under § 2241. Instead, the instant application must be construed as a successive motion for relief under § 2255. As such, the motion may not be brought unless certified as provided in 28 U.S.C. § 2244 by a panel of the Fourth Circuit Court of Appeals. Because no such certification has been sought or granted, this petition must be dismissed without prejudice to petitioner's ability to seek such certification from the United States Court of Appeals for the Fourth Circuit. Petitioner is advised that if such certification is granted, venue for his claim would lie in the sentencing court, the United States District Court for the District of New Jersey.[4]

Accordingly, it is hereby

ORDERED that this petition be and is DISMISSED WITHOUT PREJUDICE to petitioner's right to move a panel of the United States Court of Appeals for the Fourth Circuit for

---

[3]Petitioner's reliance on In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997) is misplaced. In that case the Third Circuit permitted a petitioner who previously had filed a § 2255 motion on other grounds to resort to § 2241 where he "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Id. at 351. The court found that in the unusual circumstances present in that case, it would have been "a complete miscarriage of justice" to confine a prisoner for conduct that may not have been criminal at all based upon an intervening interpretation of the relevant statute by the United States Supreme Court. Id. at 251-52. It emphasized, however, that its holding was not intended to suggest that § 2255 is "inadequate or ineffective" merely because a petitioner is unable to meet its stringent gatekeeping requirements. Id. at 251. The case at bar falls under the general rule rather than the very narrow exception the court recognized in Dorsainvil.

[4]While an application for § 2241 habeas corpus relief should be filed in the district where the petitioner is confined, a motion to vacate under § 2255 must be filed with the sentencing court. In re Vial, 115 F.3d at 1194.

an order authorizing the sentencing court to consider the petition.

.

To appeal, petitioner must file a written notice of appeal with the Clerk's Office within sixty (60) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send a copy of this Order and a standard § 2244 form to petitioner and to close this civil case.

Entered this _____ 9ᵗʰ _____ day of _____ January _____ 2014.

Alexandria, Virginia

_____ /s/ _____

Liam O'Grady
United States District Judge

6